IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Keith Poe, # 259297, ) | |
| ) | CIVIL ACTION NO. 9:14-3225-RMG-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| A/W Roland McFadden and Colnita Hooks, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at with the South Carolina Department of Corrections,[1] alleges violations of his constitutional rights by the named Defendants.

Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 31, 2015. Plaintiff has also submitted two other filings which appear to relate to his motion for summary judgment, even though they were filed before Plaintiff filed his motion for summary judgment. See Court Docket Nos. 26, 28. The Defendants filed a memorandum in opposition to the Plaintiff's motion for summary judgment on April 17, 2015, and thereafter filed their own motion for summary judgment on April 28, 2015.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 29, 2015, advising Plaintiff of the importance of a motion for summary judgment and of the

_____

[1] At the time this action was filed, Plaintiff was incarcerated at the Evans Correctional Institution. However, he has now been moved to the Catawba Pre-Release Center. See Court Docket No. 27.



need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted.  However, notwithstanding the Court's instructions and warning as set forth in the Roseboro order, Plaintiff has failed to file any response in opposition to the Defendants' motion, apparently choosing to rely on the arguments presented in his own motion for summary judgment.

These motions are now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[3] that he requested legal supplies such as pens, paper, and legal envelopes so that he could file for a rehearing (apparently from a denial of his appeal of his criminal conviction), but that he "could not obtain necessary envelopes, paper to file within deadline causing my appeal being dismissed".  Plaintiff alleges that the Defendant Hooks "ignored my request causing my case to be dismissed", while the Defendant McFadden "ignored my request from him to address issue he refused to address problem caused my appeal to be dismissed".  Plaintiff further alleges that the Grievance Department refused to properly process his grievance.  Plaintiff asks for monetary damages for a violation of his right of access to the courts, and to "be released".

Plaintiff has attached to his Complaint a copy of a Step I Grievance Form (Grievance

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  Both parties have filed motions for summary judgment.  As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the factual allegations contained therein are based on personal knowledge.  Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). .



ECI-0581-14). The notation on this grievance indicates that it was returned to the Plaintiff, unprocessed, for failure of the Plaintiff to comply with the requirement that he attach a Request to Staff Form showing he attempted to first informally resolve his grievance. Plaintiff's Grievance is dated July 15, 2014 (received by officials the following day), with the response being issued on July 21, 2014. See Plaintiff's Exhibit [Step 1 Grievance Form]. Plaintiff has also submitted a copy of a Request to Staff Member Form addressed to the Defendant McFadden. This form is dated July 23, 2014. See Plaintiff's Exhibit [Request to Staff Form]. Finally, Plaintiff has also attached to his Complaint copies of court filings relating to his state court case (State v. Poe). See generally, Plaintiff's Verified Complaint, with attached Exhibits.

Plaintiff has also submitted several exhibits as attachments to his motion for summary judgment. These include a copy of a letter from Plaintiff's appeal counsel, together with motions and other filing documents related to Plaintiff's appeal of his state conviction; an order from the South Carolina Court of Appeals dismissing Plaintiff's appeal for failure to show timely service of the Notice of Appeal and failure to file a copy of the order challenging on appeal; and copies of several Inmate Request Forms where Plaintiff was requesting "legal materials" (with a request dated July 13, 2014 indicating that Plaintiff had "filed a grievance" relating to not being provided legal materials). See Plaintiff's Motion for Summary Judgment, attached Exhibits.[4]

In support of summary judgment in the case, the Defendants have submitted an affidavit from Amy Jolley, Administrative Coordinator for the Inmate Grievance Branch for the SCDC. Jolley attests that the SCDC has established an Inmate Grievance procedure that allows

---

[4] Plaintiff also submitted copies of these Inmate Request Forms in his separate filing of March 6, 2015 (Court Docket No. 28).



inmates to grieve issues related to their confinement which involves a three step process for completing a grievance. First, an inmate must attempt to resolve the issue through an informal resolution by submitting a Request to Staff Member Form. Jolley attests that the attempt at an informal resolution is a prerequisite for filing a grievance. If the matter cannot be informally resolved, the inmate must next file a Step 1 grievance by filing out an Inmate Grievance Form. The inmate must attach to his Step 1 grievance a copy of the Request to Staff Member form as evidence of his attempt to first reach an informal resolution of his issue. This Step 1 Inmate Grievance Form must be submitted within five days of the alleged incident or occurrence. Thereafter, if the inmate is not satisfied with the response to his Step 1 Grievance, he must appeal that response within five days of receipt of that response by submitting a Step 2 Grievance Appeal Form to the Inmate Grievance Committee.

Jolley attests that she has reviewed Plaintiff's grievance history relevant to his incarceration during the time period complained of in his Complaint, and that Plaintiff filed one grievance relevant to this lawsuit (ECI-581-14).[5] Jolley attests that this grievance was submitted on July 15, 2014, was received by the Grievance Branch on July 16, 2014, and was returned to the Plaintiff on July 21, 2014 due to his failure to attach a copy of his Request to Staff Member Form. Jolley attests that Plaintiff never filed a Step 2 grievance appealing this matter, nor did he attempt to refile his Step 1 form with the appropriate Request to Staff Form as required by SCDC policy. Jolley has attached a copy of Plaintiff's Step 1 Grievance Form to her affidavit as Exhibit A. See generally, Jolley Affidavit, with attached Exhibit A [Grievance ECI-581-14].

In addition to Jolley's Affidavit, both of the Defendants have submitted affidavits.

---

[5]This is the number for the Step 1 Grievance Form attached by Plaintiff to his Complaint.



The Defendant Colnita Hooks attests that she is an Administrator Coordinator at the Evans Correctional Institution (where Plaintiff was housed during the relevant time period), and that her job duties include managing the canteen, handling inmate financial services and trust fund accounts, and at times assisting in the mailroom. Hooks attests that inmates are allowed to request legal supplies, which include envelopes, writing utensils, and paper, once per week. Inmates request these legal supplies through Requests to Staff, and once these items are requested, they are written up on a debit form and debited from the inmate's trust fund. Hooks attests that upon completion of the debit form, these legal supplies are issued by the staff at the law library either straight to the law library or directly to the inmate himself, and that she has at times personally issued such legal supplies. Hooks attests that each and every time Plaintiff made a Request to Staff specifically directed to her, she responded and provided the requested legal supplies. Further, Plaintiff verbally communicated his request to her numerous times, with Hooks attesting that Plaintiff was provided the requested legal supplies in a timely manner. Hooks attests that the only time she was unavailable to either respond to Requests to Staff or provide legal supplies to inmates was when she was on vacation from June 24, through July 8, 2014. Hooks attests that at no time did she deny Plaintiff requested legal supplies, and that to the contrary he was provided a "substantial amount of legal supplies" during his incarceration at ECI. See generally, Hooks Affidavit.

The Defendant Roland McFadden attests in his affidavit that he is the Associate Warden at ECI, where his duties include being the assigned supervisor over the Program and Support Services at that Institution, which includes the mail room, the law library, and legal materials. McFadden attests that he only received two Inmate Request to Staff Forms from the Plaintiff, which



were submitted via the automated Request to Staff kiosk.[6] McFadden attests Inmate Request to Staff that are submitted via the automated Request to Staff kiosk system are to be responded to within forty-five days, and that he responded to Plaintiff's Requests to Staff within the appropriate time period. McFadden further attests that he confirmed with the Defendant Hooks that Plaintiff was given the legal supplies he requested. McFadden attests that he also remembers having one conversation with Plaintiff at the Education Center regarding legal supplies, and that upon speaking with the Plaintiff, he then spoke with Hooks and Plaintiff was given his requested legal supplies that same day. See generally, McFadden Affidavit, with attached Exhibit A [Inmate Requests Forms].

Finally, the Defendants have submitted copies of state court orders showing denial of Plaintiff's State Application for Post Conviction Relief.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see

---

[6]It is noted that although Plaintiff's Complaint is dated August 9, 2014 (filed August 12, 2014), these two inmate requests to the Defendant McFadden are dated August 28, 2014 and September 2, 2014, respectively, both *after* Plaintiff had already filed this lawsuit.

6



Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds that the Defendants are entitled to summary judgment in this case.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Defendants have submitted the sworn affidavit from Jolley as well as several exhibits detailing



Plaintiff's grievance history to show that Plaintiff failed to exhaust his administrative remedies with respect to the claim asserted in this lawsuit prior to filing this lawsuit. Indeed, Plaintiff does not even contest that he never filed a proper Step I grievance with the required attached Request to Staff Member Form, or ever submitted a Step 2 appeal of the return of his Step 1 Grievance. See generally, Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006)[Remedies not exhausted where inmate did not appeal denial]; cf. Sullivan v. Coleman, No. 06-1588, 2006 WL 3759757, * 6 (D.S.C. Dec. 18, 2006)[Finding that inmate abandoned grievance where he failed to properly complete and return Step 2 Inmate Grievance Form]. Instead, Plaintiff states in his Complaint and argues in his summary judgment materials that he should be allowed to proceed with his case because the Defendants "refuse to answer staff requests" and "refuse to process" his grievance. See Complaint, ¶ II. This argument for being allowed to continue with this case is patently without merit.

  First, even if Plaintiff did not have a Request to Staff to submit with his Step 1 grievance because the Defendants would not return it to him (assuming for purposes of summary judgment that he did submit one, for which there is no evidence), that does not excuse his failure to file a Step 2 grievance appeal contesting the Defendants' refusal to process his grievance. cf. Nelly v. King, No. 12-128, 2013 WL 594709, at * 3 (N.D.W.Va. Jan. 3, 2013) ["Failure to receive a response is not an excuse for not moving to the next level of the grievance procedure"]; adopted by 2013 WL 593448 (N.D.W.Va. Feb. 15, 2013); Jordan, 439 F.Supp.2d at 1241-1242 [Remedies not exhausted where inmate did not appeal denial]; Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Williams v. Reynolds, No. 12-138, 2013 WL 4522574 at * 4 (D.S.C. Aug. 27, 2013) ["Nevertheless, even if Plaintiff did file a Step 1

8



grievance that was returned unprocessed, there is no evidence that Plaintiff filed a Step 2 grievance or otherwise appealed the decision not to process the Step 1 grievance."].

Second, Plaintiff has submitted no evidence whatsoever to show that he ever even submitted a Request to Staff Member Form relating to this issue prior to submitting his Step 1 Grievance.  See Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge Defendants' evidence that he did not properly pursue his administrative remedies].  Plaintiff's unsubstantiated claim that the Defendants "refuse to answer staff requests" is not "evidence" to allow the continuation of this lawsuit.  Cf. Poe v. Bryant, No. 12-3142, 2013 WL 6158023, at * 2 (D.S.C. Nov. 21, 2013)[Holding that defendants satisfied their burden of showing a failure to exhaust administrative remedies with exhibits detailing the grievance process and showing that Plaintiff failed to exhaust this remedy, and that Plaintiff's contradictory statements in response, including that the Defendant would not provide him a grievance, were not sufficient to avoid summary judgment in light of the contrary evidence]; see also Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000)[Holding that a self-serving affidavit was insufficient to survive summary judgment]; King v. Flinn & Dreffein Eng'g Co., No. 09-410, 2012 WL 3133677, at * 10 (W.D.Va. July 30, 2012)[Finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony"], citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Indeed, Plaintiff's own exhibits reflect that, while he did submit a Request to Staff Member Form to McFadden complaining about not being provided with necessary legal materials, he did not do so until July 23, 2014, which was *after* his Step 1 grievance had already been returned



to him for failure to comply with this requirement. See Plaintiff's Exhibits [attached to Complaint].[7] There is no evidence to show, and Plaintiff does not even claim, that he thereafter resubmitted a Step 1 Grievance with this Request to Staff Member Form attached showing that an informal resolution of the issue had been unsuccessful. Spruill v Gillis, 372 F.3d 218, 227-232 (3d Cir. 2004) [Discussing necessity of pursuing all administrative remedies to the end].

In sum, the evidence before the Court clearly shows that Plaintiff failed to exhaust administrative remedies that were available to him at the prison with respect to his claim prior to filing this lawsuit. Therefore, the Defendants are entitled to summary judgment in this case. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies]; Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) ["A court may not consider, and must dismiss, unexhausted claims"].

---

[7] Plaintiff's earlier Inmate Request forms (attached to his motion for summary judgment) did not serve to exhaust his grievance remedies, and indeed were not even the Request to Staff form required for the filing of a grievance. Cf. Davis v. Minthorn, No. 05-326, 2006 WL 2222700 (E.D.Tenn. Aug. 2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy]. Further, even if any of these forms would have otherwise satisfied the informal resolution requirement, it is still undisputed in the record that Plaintiff did not attach any of these Inmate Request Forms to his Step 1 grievance, as required by the grievance policy.

10



## Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied**, that Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

June 22, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

