IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Keith Poe, #29873A ) | |
| ) | No. 9:14-cv-3225-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| A/W Roland McFadden, and Colnita Hooks, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, (Dkt. No. 40), recommending that the Court deny Plaintiff's motion for summary judgment, (Dkt. No. 31), and grant Defendants' motion for summary judgment, (Dkt. No. 36). Plaintiff has not filed any objections to the R & R. For the reasons stated below, the Court ADOPTS the R & R, DENIES Plaintiff's motion and GRANTS Defendants' motion.

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made.

Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R.

Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## II. Discussion

The undisputed facts on the record before the Court is that (1) Plaintiff filed a Step I Grievance on July 15, 2014, which was returned to Plaintiff on July 21, 2014, for failure to attach a Request to Staff Member Form (the required informal grievance process before a formal grievance can be filed), (2) Plaintiff then submitted a Request to Staff Member Form to Defendant McFadden on July 23, 2014, to which McFadden responded within the time period allowed under prison policy, and (3) Plaintiff never filed another Step I grievance after receiving McFadden's response and never filed a Step II grievance. Therefore, Plaintiff has failed to exhaust his administrative remedies, and dismissal is appropriate. *See Childress v. Pettiford*, No. 4:08-cv-1001, 2010 WL 412547 at * 2 (D.S.C. Jan. 27, 2010) (granting motion to dismiss for failure to exhaust administrative remedies where Plaintiff was informed of "how to comply with the administrative remedy process . . . but failed to do so").

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 40) as an order of this Court. Accordingly, Plaintiff's motion for summary judgment (Dkt. No. 31) is **DENIED**, Defendants' Motion for Summary Judgment (Dkt. No. 36) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust administrative remedies.

//

//

-3-

**AND IT IS SO ORDERED.**

*[signature]*

Richard Mark Gergel
United States District Judge

July  14 , 2015
Charleston, South Carolina